MEMORANDUM *
Paula Cameo Harris, Paul H. Richards, II, and Bevan Atlee Thomas (“the defendants”) appeal from their judgments of conviction and sentences for involvement in a public corruption scheme. We affirm.
The defendants first challenge the district court’s denial of their request for *971 an evidentiary hearing on an allegedly improper relationship between Assistant United States Attorney Daniel Shallman and a complaining witness, Mark Kudler. There was no evidence that Shallman’s wife represented Kudler at the time of the prosecution, and Shallman’s declaration rebutted the defendants’ allegations that Shallman had any improper relationship with Kudler. Nor was there any appearance of impropriety. The district court did not, therefore, abuse its discretion by rejecting the request for an evidentiary hearing. See 28 U.S.C. § 528; 28 C.F.R. § 45.2(a)(2); see also United States v. Frega, 179 F.3d 793, 799-800 (9th Cir.1999).
The defendants next assert that the district court denied their constitutional rights by excluding evidence of the Lyn-wood City Council’s motivation for rescinding the public contracts and evidence of wrongdoing by a government witness, Julio Naulls. The City Council’s motivation for cancelling the contracts was irrelevant to the question of whether Richards engaged in undisclosed self-dealing. The government did not argue that recision of the contracts demonstrated the contracts were illegal, and the district court therefore properly excluded evidence of the council’s motivations for recision under Federal Rules of Evidence 401, 402, and 403. Additionally, Naulls’s alleged kickback scheme was only tangentially relevant, and the district court properly excluded evidence of that scheme under Rules 403 and 608(b). See United States v. Chu, 5 F.3d 1244, 1249 (9th Cir.1993). Exclusion of the marginally relevant evidence did not violate the defendants’ confrontation clause rights, see Plascencia v. Alameida, 467 F.3d 1190, 1201-02 (9th Cir.2006), or deprive the defendants of a fair trial, see United States v. Rubio-Topete, 999 F.2d 1334, 1340 (9th Cir.1993).
The defendants next rely on the state law limiting principle of honest services mail fraud, 18 U.S.C. § 1346, to assert that the district court erred by rejecting their request to strike from the indictment references to “unnecessary and exorbitant” contracts. The challenged clauses alleged conduct on par with nondisclosure of material information, which constitutes a violation of § 1346, even if it was not also a violation of state law. See United States v. Weyhrauch, 548 F.3d 1237, 1247 (9th Cir.2008). The district court did not abuse its discretion by denying the motion to strike.
The defendants challenge additionally the district court’s orders denying their request for an evidentiary hearing and a new trial on grounds of misconduct and bias of three jurors. We conclude that Federal Rule of Evidence 606(b) would have barred most of the proffered juror testimony because it did not relate to extraneous information or outside influence. Rule 606(b) may not have barred allegations that one juror withheld information regarding extraneous information from his sister or the unreliable, multiple hearsay evidence of another juror’s prior dealings with Richards. An evidentiary hearing was not necessary, however, because “the court kn[ew] the exact scope and nature of the bias allegation[s].” United States v. Smith, 424 F.3d 992, 1011 (9th Cir.2005) (internal quotation marks omitted). The district court did not abuse its discretion by denying the requests for an evidentiary hearing or a new trial.
Next, the defendants raise several challenges to their sentences. The district court did not abuse its discretion by calculating each defendant’s intended loss under the applicable Guidelines to be in excess of $2.5 million. See U.S. Sentenoing Guidelines Manual §§ 2B 1.1(b)(1), 2C1.7(b)(l)(A) (2002). The district court did not commit reversible error by failing to expressly state the “clear and convincing evidence” standard because the defen *972 dants did not object at sentencing and the government’s evidence satisfied that standard. See United States v. Waknine, 543 F.3d 546, 554 n. 4 (9th Cir.2008); United States v. Lyons, 472 F.3d 1055, 1071 (9th Cir.2007). Additionally, the defendants’ challenge under Federal Rule of Criminal Procedure 32 fails because they challenged the loss calculation analysis, not the accuracy of the underlying amounts in the pre-sentence reports. See United States v. Stoterau, 524 F.3d 988, 1011 (9th Cir.2008). As to Harris’s and Thomas’s challenges to the reasonableness of their below-Guidelines sentences, we conclude that the district court did not apply the Guidelines as mandatory, fail to state its reasoning, fail to consider mitigating factors, or impose unnecessarily harsh sentences. We therefore find no abuse of discretion.
Finally, Harris challenges the district court’s imposition of restitution in the , amount of $714,455.06. Although the district court did not expressly state its reasoning, we are able to determine from the record that the district court did not abuse its discretion. The $714,455.06 amount contained in the judgment of conviction was the sum of the amounts in Harris’s presentence report for Lynwood’s losses from the nuisance abatement contract, the waste hauling contract, and the Thomas and Associates and Jackson and Associates lawsuits. “[Wjhen the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, ... the restitution order [may] include acts of related conduct for which the defendant was not convicted.” United States v. Lawrence, 189 F.3d 838, 846 (9th Cir.1999). See also United States v. De-George, 380 F.3d 1203, 1221 (9th Cir.2004). Moreover, “[i]f the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution.... ” 18 U.S.C. § 3664(h). Thus, the district court’s order of restitution properly included Lynwood’s losses from Thomas’s separate contracts and lawsuits because Harris’s convictions included a scheme with Richards and Thomas to defraud Lynwood.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.